UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| JAMES LORSHBAUGH, ) | |
| ) | |
|    *Plaintiff*, ) | Case No. 3:18-CV-394 |
| ) | |
| v. ) | Judge Curtis L. Collier |
| ) | Magistrate Judge Debra C Poplin |
| COMMUNITY HEATH SYSTEMS, INC., ) | |
| *et. al.*, ) | |
| ) | |
|    *Defendants*. ) | |

## **M E M O R A N D U M**

Before the Court is a motion by Defendant Metro Knoxville HMA, LLC d/b/a Tennova Healthcare — Physicians Regional Medical Center to dismiss Plaintiff's amended complaint. (Doc. 31.) Plaintiff has responded (Doc. 33), and Defendant has replied (Doc. 34.) For the reasons below, the Court will **DENY** the motion to dismiss Plaintiff's amended complaint (Doc. 31.)

The Court will also **VACATE AS MOOT** a motion by Defendant to dismiss Plaintiff's complaint (Doc. 12), which was filed before Plaintiff amended his complaint.

## **I.  BACKGROUND**

This action arises out of the provision of health care services to Plaintiff James Lorshbaugh, a resident of Knoxville, Tennessee.[1] Plaintiff is a deaf individual who communicates primarily through American Sign Language ("ASL"). Plaintiff also suffers from a heart condition which has previously required, and may continue to require, emergency treatment. From August 2017,

---

[1] In reciting relevant background, the Court has taken all of the factual allegations in the complaint as true, apart from any legal conclusions couched as factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Plaintiff has sought treatment for his heart condition at three medical facilities: Tennova Healthcare—Physicians Regional Medical Center ("Physicians Regional"); Knoxville HMA Cardiology PPM, LLC d/b/a Tennova Heart—Physicians Regional ("Tennova Heart"); and Metro Knoxville HMA d/b/a Tennova Heathcare—North Knoxville Medical Center ("North Knoxville"). Defendant plays a role in the operation and control of those facilities.

At an initial visit to Tennova Heart in August 2017, Plaintiff used Video Remote Interpreting ("VRI") to communicate with doctors concerning his medical treatment, but the technology had technical difficulties. The audio cut in and out, the image froze, and the service was interrupted, impeding Plaintiff's ability to communicate. The next month, Plaintiff was admitted to Physicians Regional for cardiac-bypass surgery. Physicians Regional is in the same building as Tennova Heart and uses the same VRI provider. Instead of again using VRI to attempt to communicate, and instead of Physicians Regional providing on-site interpreters, Plaintiff relied on two of his friends to communicate with doctors and translate ASL. Two months after Plaintiff's cardiac-bypass surgery, Plaintiff experienced spiking blood pressure and a racing heart, and was admitted to the emergency room at Physicians Regional. Plaintiff waited two hours for a method of communication to be provided, but ended up leaving before receiving an evaluation of his symptoms, an evaluation of his post-operative condition, or any other healthcare. Most recently, Plaintiff sought emergency care at North Knoxville in November 2018. Plaintiff believes he is at risk of being transported by ambulance service to North Knoxville without regard to whether Defendants have taken steps to ensure effective communication with Plaintiff at that facility.

Plaintiff alleges Defendants have violated Section 504 of the Rehabilitation Act of 1973, as amended, 29 U.S.C. § 794 ("Section 504"), and its implementing regulations, 45 C.F.R. § 84.52; Title III of the Americans With Disabilities Act, 42 U.S.C. § 12182(a) ("Title III"), and its

implementing regulations, 28 C.F.R. § 36; and Section 1557 of the Affordable Care Act ("ACA"), 42 U.S.C. § 18116, and its implementing regulations, 45 C.F.R. § 92.202(a).

Defendant moves to dismiss the action, arguing Plaintiff has failed to comply with the Tennessee Health Care Liability Act's ("THCLA") mandatory pre-suit notice and certificate of good faith requirements under §§ 29-26-101, *et seq*. Defendant argues Plaintiff's wholesale noncompliance with the THCLA's pre-suit requirements warrants dismissal of Plaintiff's claims with prejudice.

## II.  STANDARD OF REVIEW

A motion to dismiss for failure to state a claim is the proper method for challenging whether a plaintiff has complied with the pre-suit requirements of the THCLA. *See Riley v. Methodist Healthcare Memphis Hosps.*, 731 F. App'x 481, 831 (6th Cir. 2018); *Mullin v. Rolling Hills Hosp.*, No. 3:16-CV-2609, 2017 WL 2953357, at *2 (M.D. Tenn. July 11, 2017); *Ellithorpe v. Weismark*, 479 S.W.3d 818, 823 (Tenn. 2015). Rather than engaging in a more typical analysis concerning the adequacy of Plaintiff's complaint,[2] the Court must analyze the legal issue of whether the THCLA applies to Plaintiff's action. Where relevant to the Court's analysis, the Court has taken all of the factual allegations in Plaintiff's complaint as true, apart from any legal conclusions couched as factual allegations, as required under Federal Rule of Civil Procedure 12(b)(6). *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

---

[2] A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) generally operates to test the sufficiency of a plaintiff's complaint. *See* Fed. R. Civ. P. 12(b)(6). Accordingly, a focus is typically placed on a plaintiff's well-pleaded factual allegations, and asks whether the plaintiff has plead "a claim to relief that is plausible on its face.'" *See Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

## III. DISCUSSION

Tennessee state law provides that plaintiffs must comply with two primary requirements prior to filing a healthcare liability action. First, the plaintiff, or their authorized agent, must give written notice of any probable claims to each healthcare provider that will be a named defendant at least sixty days prior to the filing of a complaint. Tenn. Code Ann. § 29-26-121(a)(1). Second, if expert testimony is required in the action, the plaintiff, or his or her counsel, must file a certificate of good faith with the complaint. Tenn. Code Ann. § 29-26-122(a). The certificate must state that plaintiff, or his or her counsel, has consulted with one or more experts who have prepared a written statement confirming they are competent to express an opinion on the case, and that they believe there is a good faith basis to maintain the action. *Id.* § 29-26-122(a)(1)-(2).

It is undisputed that Plaintiff did not comply with either of these requirements. Instead, Plaintiff argues that his suit is not subject to the THCLA. Plaintiff makes arguments regarding the applicable scope of the THCLA as interpreted by Tennessee courts, proposing that the law does not capture his suit based on federal antidiscrimination law. Instead, Plaintiff believes that the Tennessee state law only applies to causes of action sounding in negligence, medical malpractice, tort, or contract. In so doing, Plaintiff jumps to assessing whether the breadth of the state statute captures his claims without pausing to assess whether this Court should even apply state law in the first place.

When a lawsuit is filed in federal court, the court must determine what law is to govern the case. On different occasions, federal courts may be called on to apply and interpret federal law, state law, or other bodies of law, to the facts and issues before them. Most notably, the doctrine that has emerged from *Erie Railroad Company v. Thomkins*, 304 U.S. 64 (1938), dictates that federal courts hearing cases in diversity apply federal law when it governs the issue, but otherwise

4

apply state substantive law, having its source in either state statutes or state court decisions. State law can also be applied, however, in cases predicated on a federal court's "federal question" jurisdiction under 28 U.S.C. § 1331. Jonathan R. Siegel, *Federal Courts* 352 (2015). It has long been said that "it is the source of the right sued upon, and not the ground on which federal jurisdiction over the case is founded, which determines the governing law." *Maternally Yours v. Your Maternity Shop*, 234 F.2d 538, 541 (2d Cir. 1956). For example, a federal court would apply state law to state-law claims when exercising supplemental jurisdiction over those claims pursuant to 28 U.S.C. § 1367.

Here, Plaintiff has brought a lawsuit in federal court, bringing causes of action solely under federal law. When the source of the right sued upon is federal law, federal law generally applies to the issues involved. 13B Fed. Prac. & Proc. Juris. § 3531.14 (3d ed.) ("As to litigation commenced in federal courts to enforce federal rights, federal law almost always controls"); *Sola Elec. Co. v. Jefferson Elec. Co.*, 317 U.S. 173, 176 (1942) (the doctrine of *Erie* "is inapplicable to those areas of judicial decision within which the policy of the law is so dominated by the sweep of federal statutes that legal relations which they affect must be deemed governed by federal law having its source in those statutes, rather than by local law"). Accordingly, the Court finds no reason to apply Tennessee state law to Plaintiff's federal causes of action.

There is also a general presumption that, "in the absence of a plain indication to the contrary[,] . . . when [Congress] enacts a statute[, it] is not making the application of the federal act dependent on state law." *Jerome v. United States*, 318 U.S. 101, 104 (1943); *see also Miss. Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 43 (1989); *NLRB v. Nat. Gas Util. Dist. of Hawkins Cty., Tenn.*, 402 U.S. 600, 604 (1971). One reason for this presumption is that federal statutes are generally intended to have uniform, nationwide application. *Miss. Band of Choctaw*

*Indians*, 490 U.S. at 43. Another reason for the presumption against the application of state law is the danger that the application of state law may impair a federal program. *Id.* Following the presumption against applying the THCLA pre-suit notice and expert requirements to Plaintiff's case makes sense under both rationales: application of the THCLA would (1) tend to interfere with the uniformity of the procedure for bringing ADA, Section 504, and ACA lawsuits in the state of Tennessee as compared to the forty-nine other states in this union; and (2) could impair the federal program of those civil rights laws by adding further procedural requirements to plaintiffs who wish to curb discrimination through the vehicle of federal law.

Defendant cites no case in which a federal court has applied the requirements of the THCLA to a federal cause of action—or, more accurately stated, to a federal cause of action which does not expressly incorporate state law. Federal courts in the Sixth Circuit have certainly assessed a plaintiff's compliance with the THCLA in the context of *state law* claims. *Reed v. Speck*, 508 F. App'x 415, 423 (6th Cir. 2012) (affirming dismissal of medical malpractice claim for failure to comply with THCLA); *Heard v. Parker*, No. 3:17CV-01248, 2018 WL 6435863, at *9 (M.D. Tenn. Dec. 6, 2018) (dismissing medical malpractice claim against prison doctor who allegedly knew of scabies outbreak and willfully refused to test and treat plaintiff, among other allegations, under THCLA); *Jones v. Benitez*, No. 215CV02082TLPTMP, 2018 WL 4624821, at *5 (W.D. Tenn. Sept. 26, 2018) (dismissing claim which could be construed as one for medical malpractice for failure to proscribe pain medications under THCLA); *Mullin v. Rolling Hills Hosp.*, No. 3:16-CV-2609, 2017 WL 2953357, at *2 (M.D. Tenn. July 11, 2017) (dismissing claims regarding alleged involuntary detention at hospital under THCLA); *Tankesly v. Corr. Corp. of Am.*, No. 3:14-CV-0911, 2017 WL 3034654, at *23 (M.D. Tenn. July 18, 2017) (dismissing claims which could be "broadly construed" as state law medical malpractice claims under THCLA). And in one case,

the United States Court of Appeals for the Sixth Circuit assessed a plaintiff's compliance with the THCLA in the context of the Federal Tort Claims Act ("FTCA")—a federal claim, but one which expressly incorporates state law. *Eiswert v. United States*, 619 F. App'x 483, 485-86 (6th Cir. 2015) (affirming federal district court must analyze whether THCLA had been complied with in FTCA action and certifying question of substantial compliance with THCLA to the Tennessee Supreme Court). In *Huddleston v. United States*, for example, the Court of Appeals for the Sixth Circuit found that a medical malpractice claim brought under the FTCA must comply with a Tennessee state statute of repose because "[c]ourts applying the FTCA look to the substantive tort law of the state in which the cause of action arose to determine liability and damages." 485 F. App'x 774, 745 (6th Cir. 2012). By contrast, here, Plaintiff brings no state claims, and none of his causes of action incorporate state law.

In lieu of presenting applicable caselaw, Defendant points "to the plain language of the [THCLA] and its definition of a 'health care liability action' as support for its position." (Doc. 34 at 2.) Defendant is correct that the THCLA, as amended in 2011, applies sweepingly to any civil action "related to the provision of, or failure to provide, health care services." Tenn. Code Ann. § 29-26-101(a)(1).[3] What Defendant fails to consider, however, is whether the "plain language"

---

[3] In 2011, the Tennessee legislature removed all references to "medical malpractice" in the Tennessee Medical Malpractice Act and replaced them with "health care liability" or "health care liability action" as applicable, including within the title of the Act. *Ellithorpe*, 479 S.W.3d at 826. In addition, the legislature provided a new section stating that the THCLA applies to "health care liability actions." Tenn. Code Ann. § 29-26-101(a)(1). Those actions are defined by the statute as,
> *any* civil action, including claims against the state or a political subdivision thereof, alleging that a health care provider or providers have caused an injury *related to* the provision of, or failure to provide, health care services to a person, *regardless of the theory of liability on which the action is based*[.]

7

of the THCLA should be applied by a federal court as to a federal cause of action in the first instance.

The Court also acknowledges that, in some instances, state law may apply in federal courts to a federal cause of action when the court needs to "borrow" from state law in order to fill a gap which may exist in federal law. *See, e.g.*, *DeSylva v. Ballentine*, 351 U.S. 570, 580-81 (1956) (borrowing California Probate Code provision defining the word "children" to determine whether an illegitimate child is included in the term "children" as used in the Copyright Act). This practice is only undertaken, however, where there is an "indispensable" deficiency in the federal statutory scheme. *Felder v. Casey*, 487 U.S. 131, 140 (1988).

In *Felder v. Casey*, the Supreme Court considered a Wisconsin statute which provided that before a suit could be brought against a state or local governmental entity or officer, the plaintiff had to notify the government defendant of the claim and refrain from filing suit for 120 days. *Id.* at 134. While the central issue in *Felder* turned upon whether Wisconsin could assess a plaintiff's compliance with the provision when bringing a § 1983 action in state court, the Supreme Court observed that the provision should not be applied to § 1983 claims in federal court. *Id.* at 140. The Supreme Court stated it "fully agree[d]" with federal courts which had concluded that such "notice of claim provisions are inapplicable to § 1983 actions brought in federal court." *Id.* at 140. The Court also noted that the "absence of any notice-of-claim provision is not a deficiency requiring the importation of such statutes into the federal civil rights scheme." *Id.* Instead, "[n]otice-of-claim provisions . . . are neither universally familiar nor in any sense indispensable prerequisites to litigation, and there is thus no reason to suppose that Congress intended federal

---

*Id.* (emphasis added). The same section also goes on to provide that, "[a]ny such civil action or claim is subject to this part regardless of any other claims, causes of action, or theories of liability alleged in the complaint." *Id.* § 29-26-101(c).

8

courts to apply such rules, which 'significantly inhibit the ability to bring federal actions.'" *Id.* (quoting *Brown v. United States*, 742 F.2d 1498, 1507 (D.C. Cir. 1984)). Therefore, "nothing in federal borrowing doctrine [led the Court] to believe that state law can precondition the accrual of federal rights of action." *Brown v. United States*, 742 F.2d 1498, 1508 (D.C. Cir. 1984).[4]

The reasoning of *Felder* has also been expanded by federal courts beyond the context of § 1983. *See, e.g.*, *Finley v. Giacobbe*, 827 F. Supp. 215, 219-20 (S.D.N.Y. 1993) (notice-of-claim provisions do not apply to ADA or Rehabilitation Act claims); *Tout v. Erie Cmty. Coll.*, 923 F. Supp. 13, 15 (W.D.N.Y. 1995) (notice-of-claim provision does not apply to Title VII claims). In *Finley*, a district court in the Southern District of New York observed,

> Applying the reasoning of *Felder,* we find there is similarly no reason for us to suppose Congress intended that state notice-of-claim provisions should apply to ADA or Rehabilitation Act claims. Application of such provisions would significantly alter the important federal rights created by the two statutes. Absent evidence of a Congressional intent to the contrary, we decline to apply New York's notice-of-claim requirement to plaintiff's Rehabilitation Act and ADA claims.

*Id.*; *see also Trizuto v. Bellevue Police Dep't*, 983 F. Supp. 2d 1277, 1286 (W.D. Wash. 2013) ("state pre-suit notice requirements apply neither to federal claims asserted in federal court nor federal claims asserted in state court"); *Wyant v. City of Lynnwood*, 621 F. Supp. 2d 1108, 1111 (W.D. Wash. 2008) (portion of state law "that requires a pre-suit claim does not apply in federal court"). This Court agrees with that reasoning, and sees no reason why it should not similarly reach Plaintiff's federal claim under the ADA, Section 504, and the ACA. *Callum v. CVS Health*

---

[4] In assessing whether the notice-of-claim provision could be applied in *state* court, the central issue in *Felder* was "not one of adoption, but of preemption." 487 U.S. at 140. Because this is a federal case, the issue is one not of preemption, but of adoption. Plaintiff, however, makes several arguments based on preemption of the THCLA. The Court notes that if the THCLA applied to Plaintiff's lawsuit, the Court would agree with Plaintiff, finding the law preempted based on the same reasons already explored by the Supreme Court in *Felder*. *See id.* at 145 ("Sound notions of public administration may support the prompt notice requirement, but those policies necessarily clash with the remedial purposes of the federal civil rights laws.").

9

*Corp.*, 137 F. Supp. 3d 817, 848 (D.S.C. 2015) (holding the ACA creates a private right and remedy for the violation of four federal statues prohibiting discrimination based on race, sex, age, and disability).

Federal courts have been endowed with jurisdiction over "Cases, in Law and Equity, arising under this Constitution, the Laws of the United States, and Treaties made, or which shall be made, under their authority." U.S. Const. Art. III, § 2. "The Founders clearly envisioned that federal question jurisdiction would provide plaintiffs with a sympathetic forum for the vindication of federal rights." 13D Fed. Prac. & Proc. Juris. § 3561 (3d ed.). And the need to vindicate federal rights was one of the main reasons the Constitution authorized Congress to create a system of federal courts. *Id.* With those principles in mind, the Court declines to dismiss Plaintiff's federal civil rights action due to his failure to comply with Tennessee procedural law.

### III. CONCLUSION

The Court will **DENY** the motion to dismiss Plaintiff's amended complaint for failure to state a claim (Doc. 31.) The Court will also **VACATE AS MOOT** a motion by Defendant to dismiss Plaintiff's complaint (Doc. 12), which was filed before Plaintiff amended his complaint.

**An Order Will Enter.**

/s/_____
**CURTIS L. COLLIER
UNITED STATES DISTRICT JUDGE**