UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| JAMES LORSHBAUGH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 3:18-CV-394-CLC-DCP |
| | ) |
| COMMUNITY HEALTH SYSTEMS, INC., | ) |
| et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02.

Now before the Court is a Motion to Modify the Scheduling Order [Doc. 57], filed by Defendant Metro Knoxville HMA, LLC d/b/a Tennova Healthcare—Physicians Regional Medical Center ("Tennova"). The parties have briefed the Motion, and it is ripe for adjudication. Accordingly, for the reasons further explained below, the Court **GRANTS IN PART AND DENIES IN PART** Tennova's Motion [**Doc. 57**].

I.  **BACKGROUND**

By way of background, the parties attended a Scheduling Conference with United States Magistrate Judge Lee on May 30, 2019. Relevant to the instant Motion, during the Scheduling Conference, the Court inquired about the parties' ability and/or attempts to resolve this case. [Doc. 59 at 13]. The Court recommended a facilitated discussion and inquired as to whether the parties would like the Court to order mediation by a certain deadline. [*Id.* at 16]. The Court noted, however, that if early mediation did not make sense to let the Court know. [*Id.*]. Counsel for Tennova replied that early mediation "makes sense" but noted that the parties had engaged in

1

settlement discussions and that they had a "vastly different view about the underlying facts in this case." [*Id.*]. The Court suggested that the parties have some time for discovery, and counsel for Tennova stated that he was not against mediation. [*Id.* at 17]. Later, the following exchanged occurred:

> [Tennova's Counsel]: Well, I just think that if there is going to be a mediation, I would rather do the mediation early so as not to waste resources on litigation that would otherwise be used. At the same time, there needs to be some information sharing to make sure that –
>
> Court: Absolutely.
>
> [Tennova's Counsel] – each party appreciates the relative strengths and weaknesses of their position.
>
> Court: Absolutely.
>
> [Tennova's Counsel]: That's why I bring up the material difference in our views of the facts of the case.

[*Id.* at 17-18]. Later, during the hearing, the Court inquired as to how long the parties needed for discovery prior to setting the mediation. [*Id.* at 33]. Counsel for Tennova stated "sooner than later" and that sixty (60) days "should be enough to determine." [*Id.*]. Thus, the Court entered a Scheduling Order directing the parties to mediate this case on or before August 30, 2019.

Tennova now moves to remove or modify this deadline.

## II. POSITIONS OF THE PARTIES

Tennova states [Doc. 57] that after conducting discovery, it believes that Plaintiff's claim is without merit and borders frivolous. Tennova states that due to the frivolous nature of the claim, it intends to file a motion for summary judgment. Further, Tennova states that Plaintiff has made no effort to minimize fees and expenses in this case. For instance, Tennova states that depositions were taken in Knoxville on August 5, 2019, and Tennova tried to schedule a mediation the

following day, on August 6, to eliminate delay and travel costs, but Plaintiff refused to consider this request. Tennova states that the parties have engaged in informal settlement discussions and that settlement is exceptionally unlikely. Tennova requests that the Court remove the requirement for mediation or extend the deadline "far into the future." [*Id.* at 2].

Defendants Community Health Systems, Inc., ("CHSI") and Knoxville HMA Holdings, LLC ("Knoxville HMA Holdings") filed a Response [Doc. 58], stating that neither entity played a role in the care, treatment, and services allegedly provided by Tennova to Plaintiff. Defendant CHSI states that it has played a cursory role in the informal settlement negotiations and that Knoxville HMA Holdings has not been included in any settlement discussions or correspondence. They join Tennova's request to remove the requirement of mediation or extend the deadline.

Plaintiff filed a Response [Doc. 60], objecting to the Motion. Plaintiff outlines the conversations that took place during the Scheduling Conference and argues that Tennova fails to offer any evidence that it diligently attempted to meet the original deadline. Plaintiff argues that while Tennova claims his lawsuit is frivolous, the Court has already denied a motion to dismiss. Plaintiff states that he and his counsel could not participate in an August 6 mediation due to "schedule and discovery sequencing issues." [Doc. 60 at 5]. Plaintiff states that the mediation will help resolve this case, despite Tennova's beliefs otherwise. Plaintiff states that mediation can be helpful even if a settlement is not reached.

Tennova asserts [Doc. 61] that during the Scheduling Conference, it stated that it was open to mediation if the evidence suggested it might be effective and if it could be done without wasting resources. Tennova states that discovery confirms that there are no damages and that repeated discussions with Plaintiff confirm that mediation is unlikely to be effective. Tennova maintains

3

that the parties have a fundamental disagreement as to the monetary value of the case, which is not going to be resolved through the use of a mediator.

## III. ANALYSIS

The Court has considered the parties' positions, as outlined above, and the Court finds Tennova's request [**Doc. 57**] well taken in part.

Pursuant to Federal Rule of Civil Procedure 16, the Scheduling Order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(4). The Court has reviewed the transcript from the Scheduling Order, and it certainly appears that Tennova agreed to participate in early mediation. On the other hand, Tennova's counsel discussed the need for additional discovery prior to mediation. Tennova states that after conducting additional discovery, it no longer believes that there is any benefit to mediation. In addition, Tennova states that it has engaged in informal settlement discussions with Plaintiff and that they are too far apart.

The Court finds good cause to extend the deadline for mediation but not to remove the requirement in its entirety. The Court agrees with Plaintiff that mediation serves many benefits other than resolving the case. Here, however, it appears that the parties are simply not ready to mediate. As mentioned above, Tennova agreed to participate in early mediation but also noted its need for discovery prior to mediation. All Defendants believe that mediation at this time would be a waste of resources. Given these positions, the Court finds that mediation at this time will not be beneficial. Further, Defendants CHSI and Knoxville HMA Holdings claim that they do not have control or responsibility over Tennova's operations. It appears the parties need to resolve such issues prior to participating in mediation and that further discovery may be warranted. Accordingly, in light of the above, the Court will extend the deadline to mediate to December 30, 2019.

## IV. CONCLUSION

Accordingly, for the reasons described above, the Court **GRANTS IN PART AND DENIES IN PART** the Motion to Modify the Scheduling Order [**Doc. 57**]. The parties **SHALL** participate in mediation on or before **December 30, 2019.**

**IT IS SO ORDERED.**

ENTER:

Debra C. Poplin
United States Magistrate Judge